Chief Justice Robertson,
delivered the opinion of the court.
Taylor obtained an injunction against a judgment, in favor of John II. and William R. Morton, as assignees, rendered against him on a note given by him to Elijah Morton.
The circuit court dismissed the bill absolutely, and dissolved the injunction with damages.
The hill claimed sundry credits; but as there is no proof, excepting as to two of the items, these only will be considered.
The first is a claim to damages for an alleged fraud, by the assignor, in the consideration of the note. The bill alleges, that the note was given in consideration of lots sold by the assignor to the appellant in the villages of Rome and Arkansas,in the Territory of Arkansas; that the size of the lots was fraudulently misrepresented by the vendor to the prejudice of the vendee; and that the vendor had become insolvent.
This claim is not sustained against the appellees. Although a deficit in the quantity of ground sold, would entitle the appellant to a verdict, pro tanto, in equity, against the assignee, as well as against their assignor, and although the fraudulent misrepresentation as to quantity, is satisfactorily proved, nevertheless, as there *66 is no proof as to the extent of the deficit, nor of the injury resulting therefrom to the appellant, the circuit court had no means of liquidating the damages, and therefore could not render a decree for any credit. Moreover, the amended bill, which claimed credit for the fraudulent misrepresentation, was not filed until after the death of Elijah Morton. His administrator was therefore, a necessary party; and it does not ap-> pear, that he had notice of the revivor against him.
Matter in avoidance must be proved.
Anstver of assignor is not evidence against the assignee.
Jf the def’nts. have no personal knowledge of the truth or falsehood of the allegations, one witness is sufficient- to authorize a decree vs them.
The second claim to credit is for $250. The bill alleges that the price of the lots in Rome was $200; and that, these lots were re-conveyed to the vendor upon ail agreement, that the appellant’s note should be credited with $250. This claim is asserted in the original bill which was answered by Elijah Morton. This answer admits that the lots in Rome were re-conveyed to him, and that the appellant was to have been credited, in consequence thereof, with $250. But it insists that the price of the lots in Rome was no part of the consideration of the note; that the price ($200) had not been paid to him; that he released the appellant from his parol promise to pay it; and endorsed a credit on the note for $50; whereby he had given to the appellant, credit for the whole $250. The answers of the appellees denied all the material allegations in the bill, and amended bill.
The assignor’s answer admits the right to a credit for $250; but attempts to avoid a perpetuation of the injunction for that amount by alleging, that the credit had been given; as this is a matter in avoidance, and as there is no proof of it, the appellant would be entitled to a credit for the $250, if the note had vever been assigned.
The answer of the assignor is not evidence against the assignee. But the assignees had no personal knowledge of the truth or falsehood of the allegations of the bill; and therefore, one witness would be enough against them, if lie had proved every material fact.
One deposition states that the lots in Rome constituted a part of the consideration of the note. Against the assignor, the proof is sufficient to sustain the claim 'for the whole $250. His answer, when closely scrutenized,is almost, if not quite, evidence enough against him.
of^nfnjuncT tion, the de?ree ®h?ul¿ ascertain the of the ama£e'.‘
Cunningham and Denny for appellant; Daviess, for. appellee.
But there is no sufficient evidence *against the assignees. The depositions do not prove that there was any re-conveyance; or that an/credit was lobe given on the note; or what the price of the lots in Rorpe was.
Wherefore, as the answer of the assignor, is not evidence against the assignees, the injunction could not be sustained for the $>250, or for any part of that sum.
But there is error in the decree, for which it must be reversed.
1st. The decree has not ascertained the amounted the ten per cent damages; and there are no data in the decree or in the record, which will designate the amount.
2d. The bill should not have been dismissed lutely. Ituring the pendency of the suit Elijah Morton died, and the court made an order for revivor against his administrator. But it does not appear that the order was ever served on the administrator, or that he ever entered his appearance. Notwithstanding the alleged insolvency, and although there is no specific prayer for a decree against the assignor, or his representative, nevertheless it might be useful to the appellant to have -a decree against the administrator; and the general prayer is sufficiently comprehensive to. embrace it.
The bill should have been dismissed without prejudice. But it was right to dissolve the injunction. It was the appellant’s duty to bring the administrator before the court. It was not material to the assignees, whether the administrator was a party or not; and no. reason for continuing, the injunction appears in the record.
Decree reversed and cause remanded, for proceedings, and decree consistent with this opinion. The circuit court may either dismiss the bill without prijudiee, or allow time to bring the administrator before the court, as it may deem most just and expedient. But a decree must be entered for the damages on the dissolution of the injunction.